```
              IN THE UNITED STATES DISTRICT COURT
             FOR THE NORTHERN DISTRICT OF ILLINOIS
                        EASTERN DIVISION

DAMIEN MICHAEL CARTER,          )
                                )
        Plaintiff,               )
                                )
     v.                          )     No. 10 C 8071
                                )
COOK COUNTY D.O.C., et al.,     )
                                )
        Defendants.              )
```

## MEMORANDUM ORDER

This pro se action by Damien Carter ("Carter"), utilizing the Complaint form provided by the Clerk's Office for use by persons in custody, has been hanging fire for more than a month because of the failure of both Carter and personnel at the Cook County Department of Corrections ("County Jail") to comply with this Court's brief memorandum issued just a few days after it received a copy of the Complaint. Although that December 28 order requested delivery of a printout of the transactions in Carter's trust fund account at the County Jail "as soon as possible," that printout did not arrive at the Clerk's Office until January 20 -- and as if to add insult to injury, for some reason no copy was delivered to this Court's chambers until January 25, when its minute clerk carried out its request to find out what was going on.

In any case, the printout covering the 3-1/2 month period between Carter's August 6, 2010 County Jail booking date and the November 22 date that the December 28 memorandum stated would be

treated as the effective date for purposes of the "mailbox rule" amounted to $35, or a per month average of $10. Because 20% of that amount (see 28 U.S.C. § 1915(b)(1)) amounts to $2, the latter amount is assessed as the initial partial filing fee on account of the $350 fee that must be paid in future installments.

Accordingly Carter's In Forma Pauperis Application is granted solely to the extent that the $350 filing fee need not be paid in advance. Because the $2 initial installment on account of the fee is ordered to be paid forthwith, the County Jail trust fund officer is ordered to collect that amount from Carter's trust fund account and to pay it directly to the Clerk of Court ("Clerk"):

>   Office of the Clerk
>   United States District Court
>   219 S. Dearborn Street
>   Chicago, IL 60604
>
>   Attn:  Fiscal Department

Both that initial payment and all future payments called for in this memorandum order shall clearly identify Carter's name and the 10 C 8071 case number assigned to this action. To implement these requirements, the Clerk shall send a copy of this memorandum order to the Jail trust fund officer.

After such initial payment, the trust fund officer at County Jail (or at any other correctional facility where Carter may hereafter be confined) is authorized to collect monthly payments from Carter's trust fund account in an amount equal to 20% of the preceding month's income credited to the account. Monthly

payments collected from the trust fund account shall be forwarded to the Clerk each time the amount in the account exceeds $10 until the full $350 filing fee is paid.

With that required procedure resolved belatedly, this memorandum order turns to the merits of Carter's complaint. And on that score his description (Complaint ¶ IV) contains a fatal defect: 42 U.S.C. § 1997e(a) provides that no such action can be brought by an inmate until all available administrative remedies have been exhausted, and here there is not even a whisper of Carter's having even invoked such administrative remedies (let alone having exhausted them).

Accordingly both the Complaint and this action are dismissed.[1] As stated earlier, however, the nature of the statute dealing with prisoners' in forma pauperis applications is such that the dismissal does not relieve him of the obligation to pay the filing fee in installments.

                                                      /s/ Milton I. Shadur
                                                      Milton I. Shadur
                                                      Senior United States District Judge

Dated:     January 31, 2011

---

[1] Needless to say no view is expressed here as to the substantive viability of the poignant narrative that Carter has provided.